**Linda Diane HERRINGDINE and Joseph R. Herringdine, et al., Appellants,**

**v.**

**Carolyn Ann Roof BARGER, Appellee.**

**No. 26094.**

United States Court of Appeals Fifth Circuit.

Dec. 30, 1968.

W. J. Patterson, Jr., Macon, Ga., for appellants Edwin and Edna K. Douglas.

Cubbedge Snow, Martin, Snow, Grant & Napier, Macon, Ga., Joseph B. Duke, Milledgeville, Ga., for appellants.

S. Perry Penland, Jacksonville, Fla., Buckner F. Melton, Andrew W. McKenna, Melton, McKenna & House, Macon, Ga., for appellee.

Before BELL and COLEMAN, Circuit Judges, and BOYLE, District Judge.

PER CURIAM:

This is a personal injury case, arising from an automobile collision on the public highway. The verdict of the jury and the judgment of the court went for the guest in one car, against both her driver-hostess and the operator of the other vehicle.

The automobiles collided, head to head, on a sunny day, in open country, near the crest of a hill, on a paved road twenty feet wide with no center stripe. Other than the occupants there were no eye-witnesses. This setting spawned the customary dispute in such cases: who did what (and when), with all defendants claiming lack of negligence, ordinary or gross.

■ The operator-defendants concede, as they must, that under Georgia law such issues ordinarily are for the jury. Beyond that they agree on little, if anything. The chief aspect of the struggle is that, where possible, each driver blames the other for what happened. Both say that as against them the evidence was insufficient as a matter of law. From our reading of the record, however, we experience no uncertainty that the evidence and the conflicts in the

evidence were properly for the resolution of a jury.

The driver with whom the appellee was riding assigns four additional errors, all directed to errors or omissions in the jury charge. While this attack has been pressed with admirable ingenuity and energy, it is our considered appraisal, without extended discussion, that they cannot, with reason, prevail to the extent of justifying reversal.

The same must be said as to the eight assignments asserted on behalf of the driver of the other automobile.

Affirmed.